IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 06MJ69 |
| | ) | wo |
| HECTOR R. SILVA | ) | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the undersigned Magistrate Judge conducted a detention hearing on July 21, 2006, pursuant to the Government's *Motion for Detention* (Doc.5, July 14, 2006). Based upon due consideration of all relevant evidence, the court concludes that the defendant, Hector R. Silva, should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the minimum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846. A criminal complaint filed on July 13, 2006 charges him with possession with intent to distribute approximately 10 kilograms of cocaine; if convicted of this 21 U.S.C. § 841(a)(1) offense, the Defendant faces a prison term which is not less than 10 years or not more than life. The Court finds that the Defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear.

**Part II - Written Statement of Reasons for Detention**

The Court has duly considered all the evidence proffered concerning the nature and circumstances of the drug offense charged, the weight of the evidence against the defendant and his history. On July 13, 2006, an Alabama State Trooper, Will Barnes, stopped Defendant Silva for speeding in a Ford pick-up truck on Interstate 85 at the 2 mile marker. A consensual search of the truck revealed a cabinet in the bed of the truck which contained (secreted in a false compartment) ten individually wrapped packages subsequently determined by field testing to be cocaine kilograms.

Born in Mexico in 1955, the defendant has been a lawful permanent resident of the United States for 35 years and currently resides in Texas. He has been reportedly employed by a temporary services company in Pasadena, Texas. Notwithstanding his residency and employment status, the Defendant produced no probative facts to rebut the presumption inherent in the drug offense charged that there are no conditions or combination of conditions for release which will reasonably assure the safety of any other person and the community and which will ensure that he is not a flight risk. His lack of ties to this community increase the likelihood of flight.

Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

**Part III - Directions Regarding Detention**

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE THIS 21ST DAY OF July, 2006.

                **/s/ Delores R. Boyd**
                DELORES R. BOYD
                UNITED STATES MAGISTRATE JUDGE